# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE: <br> 18 Constitution Avenue, Hampden, ME 04444 |
| **Stephen R. Vigneault and Trease N. Vigneault** | |
| **Defendants** | |
| **NCEP, LLC** | Mortgage: <br> September 29, 2006 |
| **Party-In-Interest** | Book 10652, Page 323 |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Stephen R. Vigneault and Trease N. Vigneault, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by

Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in which the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are the obligor and the total amount owed under the terms of the Note is Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 is a corporation with its principal place of business located at 1100 North Market, Wilmington, DE 19801.

5. The Defendant, Stephen R. Vigneault, is a resident of Hampden, County of Penobscot and State of Maine.

6. The Defendant, Trease N. Vigneault, is a resident of Brewer, County of Penobscot and State of Maine.

7. The Party-in-Interest, NCEP, LLC, is located at c/o C T CORPORATION SYSTEM, 128 State Street #3, Augusta, ME 04330.

# FACTS

8. On September 29, 2006, by virtue of a Warranty Deed from Brian D. Akeley and Kristen R. Andersen f/k/a Kristen R. Akeley, which is recorded in the Penobscot County Registry of Deeds in **Book 10652, Page 320**, the property situated at 18 Constitution Avenue, County of Penobscot, and State of Maine, was conveyed to the Defendants, Stephen R. Vigneault and Trease N. Vigneault, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On September 29, 2006, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, executed and delivered to Sun Mortgage - New England, Inc. a certain Note in the amount of $208,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on September 29, 2006, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Sun Mortgage - New England, Inc., securing the property located at 18 Constitution Avenue, Hampden, ME 04444 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10652**, **Page 323**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated July 22, 2011 and recorded in the Penobscot County Registry of Deeds in **Book 12606**, **Page 104**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. by virtue of an Assignment of Mortgage dated September 16, 2011 and recorded in the Penobscot County Registry of Deeds in **Book 12610**, **Page 190**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 15, 2015 and recorded in the Penobscot County Registry of Deeds in **Book 13815**, **Page 146**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of a Quitclaim Assignment dated August 1, 2019 and recorded in the Penobscot County Registry of Deeds in **Book 15259**, **Page 1**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On about January 18, 2012, Trease N. Vigneault executed a "release deed" purportedly conveying all of her interest in the subject property to Stephen R. Vigneault, however, this was done without the consent of the Mortgage and Note holder and Trease N. Vigneault is still liable under the aforesaid Note and Mortgage.

16. On September 13, 2019, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendants, Stephen R. Vigneault and Trease N. Vigneault, of the payment due date, the total amount necessary to cure the default, and the

deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

18. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. NCEP, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,666.71 dated August 14, 2014, and recorded in the Penobscot County Registry of Deeds in **Book 13628**, **Page 108** and is in second position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of December 27, 2019 is Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $211,950.98 |
| Interest | $75,852.16 |
| Late Fees | $1,601.49 |
| Total Fees | $50.00 |
| Escrow Advance | $43,898.28 |
| Recoverable Balance | $3,574.17 |
| Pro Rata MIP/PMI | $35.35 |
| Grand Total | $336,962.43 |

24. Upon information and belief, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 18 Constitution Avenue, Hampden, County of Penobscot, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, are presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of December 27, 2019 is Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $211,950.98 |
| Interest | $75,852.16 |
| Late Fees | $1,601.49 |
| Total Fees | $50.00 |
| Escrow Advance | $43,898.28 |
| Recoverable Balance | $3,574.17 |
| Pro Rata MIP/PMI | $35.35 |
| Grand Total | $336,962.43 |

31. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Stephen R. Vigneault and Trease N. Vigneault, on September 13, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

34. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, are not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On September 29, 2006, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, executed and delivered to Sun Mortgage - New England, Inc. a certain Note in the amount of $208,500.00. *See* Exhibit B.

37. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, are in default for failure to properly tender the May 1, 2012 payment and all subsequent payments. *See* Exhibit H.

38. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Stephen R. Vigneault and Trease N. Vigneault.

39. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

40. The Defendants Stephen R. Vigneault and Trease N. Vigneault's breach is knowing, willful, and continuing.

41. The Defendants Stephen R. Vigneault and Trease N. Vigneault's breach has caused Plaintiff Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of December 27, 2019, if no payments are made, is Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $211,950.98 |
| Interest | $75,852.16 |
| Late Fees | $1,601.49 |
| Total Fees | $50.00 |
| Escrow Advance | $43,898.28 |
| Recoverable Balance | $3,574.17 |
| Pro Rata MIP/PMI | $35.35 |
| Grand Total | $336,962.43 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, entered into a written contract with Sun Mortgage - New England, Inc. who agreed to loan the amount of $208,500.00 to the Defendants. *See* Exhibit B.

46. As part of this contract and transaction, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note and successor-in-interest to Sun Mortgage - New England, Inc., and has performed its obligations under the Note and Mortgage.

48. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2012 payment and all subsequent payments. *See* Exhibit H.

49. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Stephen R. Vigneault and Trease N. Vigneault.

50. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

51. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, are indebted to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 in the sum of Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43) Dollars, for money lent by the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to the Defendants.

52. Defendants Stephen R. Vigneault and Trease N. Vigneault's breach is knowing, willful, and continuing.

53. Defendants Stephen R. Vigneault and Trease N. Vigneault's breach has caused Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of December 27, 2019, if no payments are made, is Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $211,950.98 |
| Interest | $75,852.16 |
| Late Fees | $1,601.49 |
| Total Fees | $50.00 |
| Escrow Advance | $43,898.28 |
| Recoverable Balance | $3,574.17 |
| Pro Rata MIP/PMI | $35.35 |
| Grand Total | $336,962.43 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Sun Mortgage - New England, Inc., predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,

loaned Defendants, Stephen R. Vigneault and Trease N. Vigneault, $208,500.00. *See* Exhibit B.

58. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, are in default for failure to properly tender the May 1, 2012 payment and all subsequent payments. *See* Exhibit H.

59. As a result of the Defendants Stephen R. Vigneault and Trease N. Vigneault's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1.

60. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

61. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Sun Mortgage - New England, Inc., predecessor-in-interest to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, loaned the Defendants, Stephen R. Vigneault and Trease N. Vigneault, $208,500.00. *See* Exhibit B.

63. The Defendants, Stephen R. Vigneault and Trease N. Vigneault, have failed to repay the loan obligation.

64. As a result, the Defendants, Stephen R. Vigneault and Trease N. Vigneault, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 as successor-in-

interest to Sun Mortgage - New England, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, upon the expiration of the period of redemption;

c) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are in breach of the Note by failing to make payment due as of May 1, 2012, and all subsequent payments;

d) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are in breach of the Mortgage by failing to make payment due as of May 1, 2012, and all subsequent payments;

e) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due May 1, 2012 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Stephen R. Vigneault and Trease N. Vigneault have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, to restitution;

j) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are liable to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, for money had and received;

k) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Stephen R. Vigneault and Trease N. Vigneault, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Stephen R. Vigneault and Trease N. Vigneault, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is entitled to restitution for this benefit from the Defendants, Stephen R. Vigneault and Trease N. Vigneault;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Stephen R. Vigneault and Trease N. Vigneault, and in favor of the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in the amount of Three Hundred Thirty-Six Thousand Nine Hundred Sixty-Two and 43/100 ($336,962.43 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,
        By its attorneys,

Dated: December 19, 2019

        /s/ John A. Doonan, Esq.
        /s/ Reneau J. Longoria, Esq.
        John A. Doonan, Esq., Bar No. 3250
        Reneau J. Longoria, Esq., Bar No. 5746
        Attorneys for Plaintiff
        Doonan, Graves & Longoria, LLC
        100 Cummings Center, Suite 225D
        Beverly, MA 01915
        (978) 921-2670
        JAD@dgandl.com
        RJL@dgandl.com