UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON TRUST NATIONAL ASSOCIATION<br>          Plaintiff | )<br>)<br>)<br>) |
| v. | ) CIVIL NO.  1:19-cv-00572-DBH<br>) |
| STEPHEN R VIGNEAULT, et al<br>          Defendant(s) | )<br>)<br>) |

**SCHEDULING ORDER with incorporated Rule 26(f) Order**

In accordance with Fed.R.Civ.P. 16(b) and the Cost and Delay Reduction Plan for the District of Maine, the Court proposes this Order as the Scheduling Order in this case and hereby forwards it to counsel or unrepresented parties for consultation.  Counsel and unrepresented parties shall confer as required by Fed.R.Civ.P. 26(f).  Unless an objection to this Order and a proposed discovery plan are filed by **June 10, 2020**, the Court will conclude that the required Rule 26(f) conference has taken place and that the terms and deadlines established in this proposed scheduling order have been agreed to.  An objection to this Order shall contain a detailed explanation of the reasons for each requested alteration of this Order.  If no objection is timely filed, this Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

Track Assignment:   This case has been assigned to the Standard Track.  Discovery is limited to not more than 30 interrogatories per opposing side (subparts not permitted); 30 requests for admission per opposing side; 2 sets of requests for production per opposing side; and 5 depositions per side.

Subject Matter Jurisdiction:  Diversity.

Jury Trial:  Not Demanded.

<u>Deadline for Conference of Parties Pursuant to Fed.R.Civ.P.26(f)</u>:  **June 3, 2020.**

Inadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502, Rule 4.4B of the Maine Rules of Professional Conduct, and Local Rule 83.3(e).

<u>Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1)</u>:  **June 17, 2020.**

<u>Deadline for Amendment of the Pleadings and Joinder of Parties</u>:  **August 5, 2020.**

<u>Plaintiff(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by</u>:  **August 5, 2020.**

Defendant(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:  **September 9, 2020.**

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B).  All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

<u>Deadline to Complete Discovery</u>:  **October 7, 2020.**

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

<u>Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h)</u>:  **October 14, 2020.**

2

<u>Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions</u>[1] <u>Challenging Expert Witnesses with Supporting Memoranda</u>:  **October 28, 2020.**

<u>Expected Trial Date</u>:  This case shall be ready for trial by  **January 5, 2021.**

<u>Further Matters in Aid of Disposition</u>:  The plaintiff(s) shall make a written settlement demand upon the defendant(s) by **September 23, 2020.** The defendant(s) shall respond in writing by **October 7, 2020.**

So <u>ORDERED</u>.

/s/ John H. Rich III
U.S. Magistrate Judge

Dated: May 20, 2020.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

# **UNITED STATES DISTRICT COURT**
# **DISTRICT OF MAINE**

## **CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE**

Pursuant to the provisions of Title 28 United States Code, Section 636(c)(1), Magistrate Judge John H. Rich III has been designated with the authority to conduct all proceedings in jury and non-jury civil cases. It is the practice of Magistrate Judge John H. Rich III to endeavor to specifically assign for trial the consent cases, whereas cases assigned to be tried before a district judge will ordinarily be placed on a trailing trial list.

If it is the intention of all counsel that this case be tried before Magistrate Judge John H. Rich III, counsel must sign and file a Consent to Proceed form which is located in the Forms section of the Court's web page (www.med.uscourts.gov). The Consent form is to be filed only if it is executed by all counsel.

The trial of any Bangor case will be conducted by Magistrate Judge John H. Rich III in Bangor; the trial of any Portland case will be conducted by Magistrate Judge John H. Rich III in Portland.