# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br><br>**Plaintiff**<br><br>vs.<br><br>Stephen R. Vigneault and Trease N. Vigneault<br><br>**Defendants**<br><br>NCEP,LLC<br><br>**Party-In-Interest** | CIVIL ACTION NO: 1:19-cv-00572-DBH<br><br>PLAINTIFF'S FINAL PRETRIAL MEMORANDUM<br><br>RE:<br>18 Constitution Avenue, Hampden, ME 04444<br><br>Mortgage:<br>September 29, 2006<br>Book 10652, Page 323 |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

From the Plaintiff's perspective, this is a straight forward foreclosure and related claims action as affected by the Defendant, Trease N. Vigneault's discharge in Bankruptcy.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 and/or the Note and Mortgage was made upon the Defendants by certified mail, return receipt requested.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). *Bank of New York Mellon v. Shone,* 2020 ME 122, 239 A.3d 671 (Me. 2020) *and see, U.S. Bank v. Jones,* 330 F. Supp. 3d 530 (D. Me. June 26, 2018) *affirmed by,* 925 F.3d 534 (1st Cir., May 30, 2019).

The facts proven at trial relating to the execution of the note and mortgage, assignment of

the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, *Chase v. Higgins*, 2009 ME 136 (2009); *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101 (2011*); Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); *Wells Fargo Bank, N.A. v. deBree*, 2012 ME 34 (2012) *Beneficial Maine Inc., v. Carter,* 2011 ME 77 (2011) and *Bank of America v. Cloutier,* 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));
- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
- a breach of condition in the mortgage*, Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);
- the amount due on the mortgage note, including any reasonable attorney fees and court costs, *Johnson,* 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);
- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements*, Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;
- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and
- the Defendants are not in military service in accordance with the Servicemembers Civil

Relief Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). *Chase v. Higgins,* 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See Bank of America v. Cloutier*, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted […...] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. See 11 M.R.S. § 3-1101, *et seq.*; *Bank of America, N.A. v. Cloutier,* 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted…a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law…" Fed. R. Evid. 902(4).

As certified copies of public records, the Mortgage and Assignments are self authenticating documents. See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property subject to the aforesaid bankruptcy and discharge.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Stephen R. Vigneault and Trease N. Vigneault
2. Representative of Planet Home Lending, LLC, servicer for the holder and note for Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1

**EXHIBITS:**

1. Promissory Note in the amount of 208,500.00, executed by Stephen R. Vigneault and Trease N. Vigneault on September 29, 2006, for the benefit of Sun Mortgage - New England, Inc..
2. Mortgage Deed securing the residence located at 18 Constitution Avenue, Hampden, ME 04444, executed by Stephen R. Vigneault and Trease N. Vigneault on September 29, 2006, for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for Sun Mortgage - New England, Inc., recorded in the Penobscot County Registry of Deeds in **Book 10652, Page 323**.

3. Assignment of Mortgage to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated July 22, 2011, and recorded in **Book 12606, Page 104**.

4. Assignment of Mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. by virtue of an Assignment of Mortgage dated September 16, 2011, and recorded in **Book 12610, Page 190**.

5. Assignment of Mortgage to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 15, 2015, and recorded in **Book 13815, Page 146**.

6. Assignment of Mortgage to Wilmington Trust National Assoc, as Trustee dated August 1, 2019 and recorded in Book 15259, Page 1.

7. Notice of Mortgagor's Right to Cure to Stephen R. Vigneault and Trease N. Vigneault dated September 13, 2019.

8. Loan History of subject mortgage.

9. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendants are not in the military.

                                            Respectfully Submitted,

Dated: March 3, 2021
                    /s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

# CERTIFICATE OF SERVICE

      I, John A. Doonan, Esq., hereby certify that on March 3, 2021, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Stephen R. Vigneault
18 Constitution Avenue
Hampden, ME 04444

Stephen R. Vigneault
15 Lyford Drive, Apt. 204
Brewer, ME 04412

Stephen R. Vigneault
P.O. Box 204
Hampden, ME 04444

Stephen R. Vigneault
P.O. Box 6286
Hermon, ME 04401

Trease N. Vigneault
15 Lyford Drive, Apt. #204
Brewer, ME 04412

Trease N. Vigneault
18 Constitution Avenue
Hampden, ME 04444

Trease N. Vigneault
58 Colonial Circle Apt. 101
Brewer, ME 04412

NCEP, LLC
c/o C T CORPORATION SYSTEM

128 State Street #3
Augusta, ME 04330

Trease N. Hodge
15 Lyford Drive
Apartment 204
Brewer, ME 04412